IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALLEN R. NEGRI, by assignment
from Paul D. Dotson, Jr.,
LORRAINE NEGRI, by assignment
from Paul D. Dotson, Jr. and
PAUL D. DOTSON, Jr., individually,

    Plaintiffs,

v.                                     Civil Action No. 5:11CV3
                                                 (STAMP)

NATIONWIDE MUTUAL INSURANCE COMPANY,
and NANCY L. KOWALSKI INSURANCE
AND FINANCIAL SERVICES,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING THE PLAINTIFFS' MOTION TO REMAND AND
GRANTING THE DEFENDANTS' MOTION TO DISMISS
ALL CLAIMS AGAINST DEFENDANT KOWALSKI AND
TO DISMISS CIVIL CONSPIRACY CLAIM
AGAINST DEFENDANT NATIONWIDE**

I. Procedural History

The plaintiffs filed this civil action in the Circuit Court of Hancock County, West Virginia against the above-named defendants alleging violations of the West Virginia Unfair Trade Practices Act ("UTPA"), statutory and common law bad faith, breach of contract, breach of fiduciary duty, tort of outrage, negligence, and civil conspiracy. The defendants then filed a notice of removal in this Court based upon diversity jurisdiction. The defendants filed a motion to dismiss all claims against defendant Nancy L. Kowalski Insurance and Financial Services ("Kowalski") and to dismiss the civil conspiracy claim against defendant Nationwide Mutual

Insurance Company ("Nationwide"). The plaintiffs did not file a response to the motion to dismiss. However, the plaintiffs filed a motion to remand to which the defendants responded. The plaintiffs then filed a reply.

Having reviewed the parties' pleadings and the relevant law, this Court finds that diversity jurisdiction does exist. Accordingly, the plaintiffs' motion for remand must be denied. Furthermore, this Court grants the defendants' motion to dismiss Kowalski and to dismiss the civil conspiracy claim against Nationwide.

## II. Facts

On February 26, 2010, plaintiff Paul Dotson was driving a van which struck a sport utility vehicle head-on. Allen Negri was a front seat passenger in the sport utility vehicle. Allen Negri sustained a broken femur, concussion, low grade coma, broken nose, broken ribs, bruised shoulder, injured hips, and multiple bruises, cuts and scrapes. The Negris made a claim for insurance benefits pursuant to Dotson's insurance policy issued by Nationwide. Nationwide notified the Negris that no insurance coverage was available because Dotson's policy had been cancelled prior to the collision. Dotson states he was unaware his policy had been cancelled and states that he was not notified by Nationwide of the cancellation. On June 25, 2010, the Negris filed suit against Dotson in the Circuit Court of Brooke County. Both Dotson and

Nationwide failed to answer the Negris' complaint. On September 10, 2010, the Court granted the Negris' Motion for Default and set for hearing a Writ of Inquiry to determine their damages. Neither defendant appeared at the writ of inquiry. The Court awarded damages against Dotson in the amount of $6,389,320.69 plus interest and costs. On September 27, 2010, the Court entered the final judgment order. After the final judgment order, Dotson assigned his first party rights and a portion of his right to any first party damages to Allen and Lorraine Negri.

### III. Applicable Law

A. Remand

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a).

The party seeking removal bears the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

The doctrine of fraudulent joinder creates an exception to the requirement of complete diversity. See Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). Under this doctrine, removal is permitted even if a non-diverse party has been named as a defendant at the time the case is removed if the non-diverse defendant has been fraudulently joined. Id. "This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." Id. When fraudulent joinder is alleged, a court is permitted to examine the entire record by any means available in order to determine the propriety of such joinder. Rinehart v. Consolidation Coal Co., 660 F. Supp. 1140, 1141 (N.D. W. Va. 1987).

B. Motion to Dismiss

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences,

unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed

5

factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

IV. Discussion

A. Remand

In their pleadings in support of remand, the plaintiffs argue that diversity jurisdiction is absent because the parties are not completely diverse. The defendants, in their responses, contend that the plaintiffs fraudulently joined non-diverse defendant Kowalski to defeat diversity jurisdiction.

To establish fraudulent joinder, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). A claim of fraudulent joinder places a heavy burden on the defendant. Marshall, 6 F.3d at 232. "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." Id. at 232-233 (citations omitted). "Once the court identifies this glimmer

of hope for the plaintiff, the jurisdictional inquiry ends." Hartley, 187 F.3d at 426 (emphasis added). Therefore, in order to successfully prove fraudulent joinder, a defendant must demonstrate by clear and convincing evidence that, after resolving all issues of fact and law in the plaintiff's favor, the plaintiff has not alleged <u>any possible</u> claim against the co-defendant. Rinehart, 660 F. Supp. 2d at 1141. A non-diverse party named in the state court action may be disregarded for determining diversity of citizenship when the party's joinder is fraudulent. Mayes, 198 F.3d at 461.

Here, the defendants do not allege outright fraud in the plaintiffs' pleadings. Therefore, to defeat the plaintiffs' motion to remand, the defendants must establish by clear and convincing evidence that, even resolving all issues of fact and law in the plaintiffs' favor, the plaintiffs have not alleged any possible claim against Kowalski. The defendants have met this burden.

Because the plaintiffs' grounds for relief are based upon West Virginia law, the Court looks to the law of that state to determine whether the Kowalski was fraudulently joined. The plaintiffs assert causes of action against Kowalski for breach of contract, breach of fiduciary duty, tort of outrage, negligence, and civil conspiracy. In addition, while not alleged in the complaint, the plaintiffs state in their motion to remand that they intended to bring a cause of action against Kowalski for violation of the UTPA.

7

1. <u>Breach of Contract</u>

In West Virginia, "[a]n insurance agent is not a party to an insurance contract." Syl. pt. 2, <u>Shrewsbery v. Nat. Grange Mut. Ins. Co.</u>, 395 S.E.2d 745 (W. Va. 1990). Rather, the insurance agent is an "incidental beneficiary to the contract between insured and insurance company." <u>Id.</u> This rule originates from the agency principle that where a principal is disclosed and the agent is known to be acting on behalf of the principal, the agent "cannot be made personally liable unless he agreed to be so." <u>Whitney v. Wyman</u>, 101 U.S. 392, 296 (1879). Accordingly, the plaintiffs have no possibility of recovery against Kowalski for breach of contract and have therefore failed to state a claim for breach of contract against Kowalski.

2. <u>Breach of Fiduciary Duty</u>

A fiduciary duty is "[a] duty to act for someone else's benefit, while subordinating one's personal interest to that of the other person. It is the highest standard of duty implied by law." <u>Elmore v. State Farm Mut. Auto Ins. Co.</u>, 504 S.E.2d 893, 898 (W. Va. 1998) (citing <u>Black's Law Dictionary</u> 625 (6th ed. 1990)). Indeed, Justice Cardozo described this duty's standard of behavior as "[n]ot honesty alone, but the punctilio of an honor the most sensitive." <u>Meinhard v. Salmon</u>, 164 N.E. 545, 546 (N.Y. 1928).

In West Virginia, an insurance agent is the agent of the insurance company, not the agent of the insured. W. Va. Code

8

§ 33-12-22. The plaintiffs fail to cite any case law or provide any explanation of how Kowalski, an agent of Nationwide and not of the plaintiffs, owes the plaintiffs the highest standard of duty under the law. Accordingly, this Court finds that there is no possibility of recovery for a fiduciary duty claim against Kowalski and that the plaintiffs have failed to state a claim against Kowalski for breach of fiduciary duty.

    3.   <u>Negligence and Tort of Outrage</u>

The plaintiffs are correct that, generally, "agency law does not insulate an agent from liability for his or her torts." 3 Am. Jur. 2d <u>Agency</u> § 298. However, an agent of a disclosed principal is not liable in <u>contract or tort</u> "where the agent's acts are those of the insurance company." 3 Am. Jur. 2d <u>Insurance</u> § 161. In that case, "the action must be brought against the company." <u>Id.</u>, <u>Benson v. Cont'l. Ins. Co.</u>, 120 F. Supp. 2d 593, 595 (S.D. W. Va. 2000).

The plaintiffs rely on <u>Jarvis v. Modern Woodmen of America</u>, 406 S.E.2d 736 (W. Va. 1991). In <u>Jarvis</u>, the West Virginia Supreme Court of Appeals held that an insurance agent could be held liable for his own negligence. In that case, the insurance agent encouraged the insured to falsify his insurance application by denying that the insured smoked and leaving out other health issues. The insurance agent's conduct in encouraging the insured to make misrepresentations in procuring an insurance contract

constituted an <u>independent</u> tort of negligence, not a negligent act on behalf of the insurance company.

This case can be easily distinguished from <u>Jarvis</u>. In this case, the plaintiffs allege in paragraph 51 of their complaint that Kowalski "was conferred general powers from Nationwide that included, among other things, billing, collecting monthly payments, posting monthly payments to customer accounts, assisting in reporting claims, and/or communicating with Nationwide policy holders." In paragraph 53, the plaintiffs allege the breach of contract by Kowalski resulted from a failure to perform "the general powers conferred upon it by Nationwide." In paragraph 71, the plaintiffs state that Kowalski owed a duty to Dotson "to reasonably, fairly, in good faith, and/or in accordance with the law [to] provide the plaintiff with insurance coverage." These alleged negligent acts are actions on behalf of the insurance company and are <u>not</u> independent torts. <u>See</u> <u>Vandiver Food Stores, Inc. v. Ins. Co. of N. Am.</u>, 909 F. Supp. 618, 625-26 (E.D. Ark. 1995) (finding no allegation of a separate and independent tort by insurance agency where allegations of complaint "relate solely to an alleged breach of . . . insurance policy issued by [insurance company] and the alleged bad faith refusal to pay benefits under that policy"). Importantly, there is no liability on the part of an agent "for failing to notify the insured of the cancellation of a policy, where the insured . . . should have known, <u>from other</u>

10

sources, that the policy was canceled."  3 Am. Jur. Insurance § 168 (emphasis added).  The plaintiffs allege in their complaint that Kowalski's alleged actions or inactions were actions or inactions for which Nationwide "conferred general powers" to Kowalski.  There are no allegations in the plaintiffs' complaint of an independent tort committed by Kowalski, unlike the insurance agent in Jarvis. Accordingly, this Court finds that the plaintiffs have failed to state a claim against Kowalski for negligence.

The plaintiffs also bring a cause of action for the tort of outrage/intentional infliction of emotional distress against Kowalski.  No specific conduct is mentioned in the count.  However, the plaintiffs incorporate all previously mentioned paragraphs of the complaint in that count.  This Court finds that the plaintiffs have no possibility of recovery for the tort of outrage against Kowalski for the same reasons they have no possibility of recovery for negligence against Kowalski.  Every allegedly outrageous act by Kowalski was not "its tort," but instead was the alleged tort of Nationwide.

Accordingly, this Court finds that the plaintiffs have no possibility of recovery against Kowalski for negligence or the tort of outrage and have therefore failed to state a claim against Kowalski for negligence and for tort of outrage.

4. <u>Civil Conspiracy</u>

The plaintiffs have failed to state a valid claim for civil conspiracy because a conspiracy requires at least two persons and "a corporation can act only through its agents or employees." <u>Cook v. Heck's Inc.</u>, 342 S.E.2d 453, 460 (W. Va. 1986). Thus, agents and employees of a corporation "cannot conspire with their corporate principal or employer where they act in their official capacities on behalf of the corporation and not as individuals for their individual advantage." <u>Id.</u> (internal citation omitted). Accordingly, the plaintiffs have no possibility of recovery against Kowalski and Nationwide for civil conspiracy and have failed to state a claim for civil conspiracy against all defendants in this civil action.

5. <u>Violation of the UTPA</u>

In the motion to remand, the plaintiffs admit that they did not name Kowalski in Count II of their complaint for violation of the UTPA. Count II does not allege <u>any</u> conduct by Kowalski which allegedly violates the UTPA. The plaintiffs argue that this Court should interpret their pleadings liberally so as to do justice. This Court is bound by law which requires a complaint to be well-pled and "'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Nemet Chevrolet</u>, 591 F.3d at 256 (quoting <u>Iqbal</u>, 129 S. Ct. at 1949).

Here, the plaintiffs' complaint is not only devoid of facts, but also lacks even a bare allegation that Kowalski violated the UTPA. The federal removal statute, 28 U.S.C. § 1441(a), "requires that a case 'be fit for federal adjudication at the time the removal petition is filed.'" Moffitt v. Residential Funding Co., LLC, 604 F.3d 156, 159 (4th Cir. 2010) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 73 (1996)). This jurisdictional defect is not fatal where the plaintiff voluntarily amends his complaint to allege a basis for federal jurisdiction. Id. In this case, however, the plaintiffs have never filed a motion with this Court to amend their complaint which complies with Local Rule of Civil Procedure 15.01, which requires that "[a]ny party filing a motion to amend a pleading that requires leave of court to file, shall attach to that motion a signed copy of the proposed amended pleading." Because the plaintiffs have not filed a motion to amend their complaint, and because this Court looks to the record at the time of removal to determine whether subject matter jurisdiction exists, this Court finds that the plaintiffs have no possibility recovery against Kowalski for violations of the UTPA and that the plaintiffs have failed to state a claim against Kowalski for violations of the UTPA.

Because the plaintiffs have no possibility of recovery against Kowalski, this Court finds that fraudulent joinder is present and that the plaintiffs' motion to remand must be denied.

B.  Motion to Dismiss

For the reasons stated above, this Court has found that the plaintiffs have no possibility of recovery against Kowalski. Thus, the plaintiffs have failed to state a claim upon which relief may be granted and this Court must dismiss Kowalski and must dismiss the plaintiffs' claim for civil conspiracy.

This Court will also address the plaintiffs' argument that Kowalski is an indispensable party to this litigation. They state that Kowalski's actions may make it liable to Nationwide and that an issue likely to develop is who was assigned to notify Dotson that his insurance policy was delinquent and/or was to be cancelled. This question does not matter to the plaintiffs' civil action. Whether Kowalski or some other person employed by Nationwide was to inform Dotson of the cancellation, complete relief can still be afforded to the plaintiffs in this action and Nationwide will not be subject to multiple obligations as they can pursue an action against any agent or employee who possibly failed to execute his or her duties to Nationwide in a separate action if they so choose.

V.  Conclusion

For the reasons stated above, the plaintiffs' motion to remand (Document No. 9) is DENIED and the defendants' motion to dismiss (Document No. 7) is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: August 18, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE